IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| LUCA INTERNATIONAL GROUP LLC | § | CASE NO. 15-34221-H2-11 |
| LUCA INTERNATIONAL GROUP (TEXAS) LLC | § | CASE NO. 15-34224-H3-11 |
| LUCA OPERATION, LLC | § | CASE NO. 15-34225-H2-11 |
| LUCA BARNET SHALE JOINT VENTURE, LLC | § | CASE NO. 15-34226-H4-11 |
| LUCA ENERGY FUND LLC | § | CASE NO. 15-34227-H2-11 |
| LUCA ENERGY RESOURCES, LLC | § | CASE NO. 15-34229-H5-11 |
| LUCA RESOURCES GROUP, LLC | § | CASE NO. 15-34230-H5-11 |
| LUCA I, LP | § | CASE NO. 15-34231-H5-11 |
| LUCA II, LP | § | CASE NO. 15-34233-H3-11 |
| LUCA OIL, LLC | § | CASE NO. 15-34234-H3-11 |
| LUCA TO-KALON ENERGY. LLC | § | CASE NO. 15-34235-H3-11 |
| LUCA OIL II JOINT VENTURE | § | CASE NO. 15-34236-H3-11 |
| | § | |
| **Debtors.** | § | Joint Administration Requested |
| | § | |

**EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES**
*********************************************************************************
**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\* EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
*********************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Luca International Group LLC ("LIG"), Luca International Group (Texas) LLC ("LIGTX"), Luca Operation, LLC ("LOL"), Luca Barnet Shale Joint Venture, LLC ("LBSJV"), Luca Energy Fund LLC ("LEF"), Luca Energy Resources, LLC ("LER"), Luca Resources Group, LLC ("LRG"), Luca I, LP ("Luca I"), Luca II, LP ("Luca II"), Luca Oil, LLC ("Luca Oil"), Luca To-Kalon Energy, LLC ("LTKE"), and Luca Oil II Joint Venture  (collectively "Debtors") file this Emergency Motion for Joint Administration (the "Motion") pursuant to 11 U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of their respective chapter 11 cases.  The grounds for this Motion are as follows:

## Summary

1. Luca International Group LLC ("LIG") (Case No. 15-34221), Luca International Group (Texas) LLC ("LIGTX") (Case No. 15-34224), Luca Operation, LLC ("LOL") (Case No. 15-34225), Luca Barnet Shale Joint Venture, LLC ("LBSJV") (Case No. 15-34226), Luca Energy Fund LLC ("LEF") (Case No. 15-34227), Luca Energy Resources, LLC ("LER") (Case No. 15-34229), Luca Resources Group, LLC ("LRG") (Case No. 15-34230), Luca I, LP ("Luca I") (Case No. 15-34231), Luca II, LP ("Luca II") (Case No. 15-34233), Luca Oil, LLC ("Luca Oil") (Case No. 15-34234), Luca To-Kalon Energy, LLC ("LTKE") (Case No. 15-34235), and Luca Oil II Joint Venture (Case No. 15-34236)  (collectively "Debtors") are affiliated entities with common ownership and management.  Bingqing Yang ("Yang") is owner of the Debtors.  Debtors have simultaneously filed a motion to appoint Chief Restructuring Officer Loretta Cross, who is a managing director at Stout Risius Ross, Inc. and was operating Debtors for approximately two (2) weeks prior to bankruptcy in an effort to restructure the companies.

2. The Debtors have essentially the same liabilities and similar equity structure. It would be a waste of judicial resources to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who are operated by the same officers.

## I.  Jurisdiction

3. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## II.  Venue

4. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Debtors' principal places of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

## III.  Factual Background

5. The above captioned bankruptcy cases were each filed on August 6, 2015 (collectively "Petition Date"), under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to manage their property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

7. A detailed factual background of the Debtors' business and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Affidavit of Loretta R. Cross in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* filed contemporaneously herewith and incorporated herein by reference. A brief summary of the factual background is listed below.

8. The Debtors are engaged in the exploration and production of natural gas,

petroleum and related hydrocarbons. Bingqing Yang ("Yang") is the sole member for Debtors. Debtors obtained money from investors that was placed into various entities that were utilized in the operations of other entities.

9. LOL has a draft reserve report that was prepared in March by Gustavson Associates. The reserve report indicates that LOL has proved developed non-producing and proved behind pipe net reserves of approximately 3.2 billion cubic feet of gas and 450 million barrels of oil. The reserve report did not address proved undeveloped, probable or possible reserves.

10. On July 6, 2015, under Case No. 15-cv-03101, the Securities and Exchange Commission ("SEC") filed a lawsuit against several LUCA entities, including the Debtors, other Debtor affiliates, Yang and certain other individuals in the United States District Court of the Northern District of California, San Francisco Division ("SEC lawsuit"). The SEC lawsuit alleged securities fraud against the defendants for a scheme targeting the Chinese American community as well as investors in Asia to invest in the various unregistered offerings. There are SEC allegations of funds being used for Bingqing Yang's personal expense. The SEC has sought the appointment of a receiver, and this matter remains pending.

11. In order to restore credibility to the operation, the Debtors, pursuant to various consents executed by Yang, retained Loretta R. Cross of Stout Risius Ross, Inc. as Chief Restructuring Officer (the "CRO") of the Debtors with full authority to operate the Debtors. Ms. Cross has served in that capacity since July 16, 2015

### IV. Relief Sought

12. The Debtors seek emergency relief for the Court to enter an order (i) granting joint administration of all of the captioned cases, (ii) directing that all motions and other docket

entries be entered in the docket of case number 15-34221-H2-11 and (iii) directing that all hearings conducted in each bankruptcy case be conducted in case number 15-34221-H2-11.

13. The Debtors shall file separate schedules and statements of financial affairs in each of their respective cases.

14. The Debtors also desire that the Office of the U.S. Trustee be authorized to conduct joint 341 meetings.

15. Separate claims registered should be maintained by the Clerk of the Court.

16. At present, the Debtors plan to file a joint chapter 11 plan.

17. The Debtors will file separate monthly operating reports.

## V.   Grounds for Relief

18. Bankruptcy Rule 1015(b)(4) authorizes the joint administration of cases in which affiliates are debtors.  These Debtors are affiliates as defined by 11 U.S.C. § 101(2).

19. Bankruptcy Rule 1015 also requires the Court to give due consideration to protecting creditors of different estates against potential conflicts of interest.  The Debtors do not seek to substantively consolidate their estates.  Joint administration alone will not create conflicts between estates.

20. The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

## Prayer

WHEREFORE, the Debtors request that the Court authorizes the joint administration of the above-styled bankruptcy cases and grants such other relief as is just.

DATED:   August 6, 2015

      Respectfully submitted,

      HOOVER SLOVACEK LLP


     By:  */s/ Edward L. Rothberg*
       EDWARD L. ROTHBERG
       State Bar No. 17313990
       5051 Westheimer, Suite 1200
       Houston, Texas 77056
       Telephone: 713.977.8686
       Facsimile: 713.977.5395
       rothberg@hooverslovacek.com

     PROPOSED ATTORNEYS FOR DEBTORS and
     DEBTORS IN POSSESSION


**OF COUNSEL:**
Hoover Slovacek LLP
MELISSA A. HASELDEN
State Bar No. 00794778
ANNIE CATMULL
State Bar No. 00794932
T. JOSH JUDD
State Bar No. 24036866
DEIRDRE CAREY BROWN
State Bar No. 24049116
BRENDETTA A. SCOTT
State Bar No. 24012219
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile: 713.977.5395