IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| LUCA INTERNATIONAL GROUP LLC[1] | § | CASE NO. 15-34221-H2-11 |
| | § | |
| | § | Joint Administration Pending |
| Debtors | § | Judge David R. Jones |
| | § | |

## APPLICATION TO EMPLOY
## CHIEF RESTRUCTURING OFFICER

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Luca International Group, LLC ("LIG"), Luca International Group (Texas) LLC ("LIGTX"), Luca Operation, LLC ("LOL"), Luca Barnet Shale Joint Venture, LLC ("LBSJV"), Luca Energy Fund LLC ("LEF"), Luca Energy Resources, LLC ("LER"), Luca Resources Group, LLC ("LRG"), Luca I, LP ("Luca I"), Luca II, LP ("Luca II"), Luca Oil, LLC ("Luca Oil"), Luca To-Kalon Energy, LLC ("LTKE"), and Luca Oil II Joint Venture (collectively "Debtors"), file this Application to Employ Loretta Cross and Stout Risius Ross, Inc. as Chief Restructuring Officer and Financial Advisor (the "Application"), and, in support thereof, would respectfully show unto the Court the following:

### A. JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

### B. VENUE

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Luca International Group LLC (1086), Luca Operation, LLC (0343), Luca International Group (Texas) LLC (5577), Luca Barnet Shale Joint Venture, LLC (5340), Luca Energy Fund LLC (0677), Luca Energy Resources, LLC (0000), Luca Resources Group, LLC (1699), Luca I, LP (4104), Luca II, LP, (9778), Luca Oil, LLC (8161), Luca To-Kalon Energy LLC (3922), Luca Oil II Joint Venture (6604).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Debtors' principal places of business have been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

## C. BACKGROUND

3. The above captioned bankruptcy cases were each filed on August 6, 2015 (collectively "Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 *et seq*. (the "Bankruptcy Code"). The Debtors continue to manage their property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. A Motion seeking joint administration of these cases was filed on August 6, 2015 (Docket #2) and remains pending before the Court.

4. No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

5. A detailed factual background of the Debtors' business and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Affidavit of Loretta R. Cross in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* filed contemporaneously herewith and incorporated herein by reference. A brief summary of the factual background is listed below.

6. The Debtors are engaged in the exploration and production of natural gas, petroleum and related hydrocarbons. Bingqing Yang ("Yang") is the sole member for Debtors. Debtors obtained money from investors that was placed into various entities that were utilized in the operations of other entities.

7. LOL has a draft reserve report that was prepared in March by Gustavson Associates. The reserve report indicates that LOL has proved developed non-producing and

proved behind pipe net reserves of approximately 3.2 billion cubic feet of gas and 450 million barrels of oil. The reserve report did not address proved undeveloped, probable or possible reserves.

8. On July 6, 2015, under Case No. 15-cv-03101, the Securities and Exchange Commission ("SEC") filed a lawsuit against several LUCA entities, including the Debtors, other Debtor affiliates, Yang and certain other individuals in the United States District Court of the Northern District of California, San Francisco Division ("SEC lawsuit"). The SEC lawsuit alleged securities fraud against the defendants for a scheme targeting the Chinese American community as well as investors in Asia to invest in the various unregistered offerings. There are SEC allegations of funds being used for Bingqing Yang's personal expense. The SEC has sought the appointment of a receiver, and this matter remains pending.

9. In order to restore credibility to the operation, the Debtors, pursuant to various consents executed by Yang, retained Loretta R. Cross of Stout Risius Ross, Inc. as Chief Restructuring Officer (the "CRO") of the Debtors with full authority to operate the Debtors. Ms. Cross has served in that capacity since July 16, 2015.

D. **APPLICATION TO EMPLOY CHIEF RESTRUCTURING OFFICER**

10. Pursuant to §327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, Debtors seeks Court approval of its engagement of Loretta R. Cross to act as the chief restructuring officer ("CRO") for Debtors.

11. Debtors, through its manager, Bingqing Yang, believes that it would be in the best interest of the Debtors and its estate to appoint Loretta R. Cross to act as Debtors' CRO in connection with the handling of Debtors' chapter 11 cases. Ms. Cross has substantial experience with, and has specialized in matters relating to insolvency, reorganization, oil and gas and

turnaround management. In addition, Ms. Cross has the experience and expertise necessary to formulate and implement a sale of the Debtors assets and/or a plan of reorganization sufficient to address the claims of creditors and investors.  A copy of Ms. Cross' resume is attached as Exhibit "A".

12. Debtors' decision to appoint a CRO is primarily due to its desire to have an independent professional engaged to manage Debtors' affairs. Ms. Cross' appointment as CRO is intended to provide the Court and Debtors' creditors with an independent party to manage and operate the affairs of Debtors under the auspices of the Court where Ms. Cross' primary fiduciary duties will be to the Court and Debtors' estate and its creditors.

13. Ms. Cross' duties and responsibilities will be as follows:

   a. To act as Debtors' CRO until further order of the Court;

   b. To act as Debtors' sole manager;

   c. To be the sole signatory on Debtors' DIP Payroll Account, and the DIP Operating Accounts;

   d. To take control of all passwords for any electronic banking of Debtors, and to immediately change such passwords so that the CRO or persons designated by her are the only party who has access to Debtors' electronic banking, such procedure to remain in effect pending further order of the Court;

   e. To exercise sole authority to manage the business affairs of Debtors to the exclusion of any control being exercised by its sole member, manager, and President, Bingqing Yang including, without limitation:

      i. To make all decisions regarding the hiring and firing of personnel;

      ii. To make all decisions regarding the expenses incurred by Debtors, and the

terms of disbursements made by Debtors for same;

    iii. To issue joint interest billings to working interest owners and to collect same;

    iv. To authorize the repairs and maintenance of estate assets;

    v. To issue Authorization for Expenditures ("AFEs") for the purpose of conducting workovers and/or drilling new wells.

f. To make all reasonable efforts to consult with all secured creditors, unsecured creditors, parties-in-interest, the US Trustee, the Securities and Exchange Commission ("SEC") any committee of creditors appointed by the Court;

g. To make all reasonable efforts to present to the UST all information required for the Initial Debtor's Conference;

h. To make all reasonable efforts to assist bankruptcy counsel in preparing and filing schedules, statements of financial affairs, amendments thereto, and monthly operating reports on a timely basis;

i. To investigate and pursue all available chapter 5 causes of action and non-chapter 5 causes of action against creditors, whether they be insiders or non-insiders, members and other potential defendants;

j. To cause Debtors to pay all UST Quarterly fees on a timely basis; and

k. To make all reasonable efforts to assist bankruptcy counsel in preparing and filing a plan and disclosure statement.

14. Ms. Cross has agreed to act as CRO on the following terms. The compensation to be paid to Ms. Cross shall be in accordance with normal billing practices for services rendered and out-of-pocket expenses incurred on Debtors' behalf. Ms. Cross' hourly rate will be $495.00

per hour. Ms. Cross will be assisted by other SRR personnel whose rates are as follows:

- Director - John Baumgartner, CIRA, CDBV ----$395.00 per hour
- Senior Analyst – Andrew Masotta --------$225.00 per hour

15. Ms. Cross requests that the Court approve a procedure for compensating her and her personnel on a monthly basis, comparable to those established in other Chapter 11 cases. Ms. Cross' proposed procedure will allow the Court and all other parties to more effectively monitor the fees and expenses incurred in this case.

16. The proposed procedure would require the presentation to Debtors and their counsel, the United States Trustee, the secured lender and its counsel of a detailed statement of services rendered and expenses incurred by each professional for the prior month. If no timely objection is made, Debtors would be authorized to pay eighty percent (80%) of the amount of fees incurred for the month and one hundred percent (100%) of expense disbursements for the month. All payments would be subject to the Court's subsequent approval as part of the normal fee application process.

17. All fees and expenses incurred by Ms. Cross and her personnel shall be subject to this Court's approval. A copy of Ms. Cross' engagement letter is attached as Exhibit "B"

18. Attached hereto as Exhibit "C" and incorporated herein for all purposes is the Affidavit of Loretta R. Cross and Disclosure Statement Pursuant to Section 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure which attests that Ms. Cross, her staff, and SRR

    a. do not hold or represent any interest adverse to the estate, are disinterested and that she is eligible to serve as CRO for Debtors under Bankruptcy Code §327(a);

    b. are not creditors, equity security holders or insiders of Debtors and do not

represent any entity (or its attorneys or accountants) other than Debtors in connection with Debtors' chapter 11 case;

c. are not, and never have been, investment bankers for any outstanding security of Debtors or its' affiliate companies;

d. are not, and have not been within the past two years, a director, officer, or employee of Debtors or of any such investment banker as described above;

e. have no interest materially adverse to the interests of Debtors or of any class of creditors or equity security holders of Debtors, by reason of any direct or indirect relationship to, connection with, or interests in, Debtors or any investment banker for Debtors; and

f. have no connection with Debtors, or its creditors, equity interest holders or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee.

19. As stated above, Ms. Cross has no connections with Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

20. The employment of Loretta R. Cross and Stout Risius Ross, Inc. as Chief Restructuring Officer and Financial Advisor is necessary and in the best interest of Debtors and its' estates.

WHEREFORE, Debtors requests entry of an order that (i) approves Debtors' engagement of Loretta R. Cross and appoints Loretta R. Cross as the chief restructuring officer for Debtors on the terms described above; and (ii) subject to further Court approval as to amounts, authorizes

Debtors to compensate Ms. Cross as provided for above, and to reimburse Ms. Cross for her necessary disbursements and expenses.

DATED: August 6, 2015

                            LUCA INTERNATIONAL GROUP LLC
                            LUCA OPERATION, LLC
                            LUCA INTERNATIONAL GROUP (TEXAS) LLC
                            LUCA BARNET SHALE JOINT VENTURE, LLC
                            LUCA ENERGY FUND LLC
                            LUCA ENERGY RESOURCES, LLC
                            LUCA I, LP
                            LUCA II, LP
                            LUCA OIL, LLC
                            LUCA OIL II JOINT VENTURE
                            LUCA TO-KALON ENERGY, LLC
                            LUCA RESOURCES GROUP, LLC

                            By: _/s/ Loretta R. Cross_____
                            Loretta R. Cross, CRO

OF COUNSEL:
HOOVER SLOVACEK LLP
EDWARD L. ROTHBERG
State Bar No. 17313990
ANNIE E. CATMULL
State Bar No. 00794932
MELISSA A. HASELDEN
State Bar No. 00794778
T. JOSH JUDD
State Bar No. 24036866
BRENDETTA A. SCOTT
State Bar No. 24012219
Galleria tower II
5051 Westheimer, Ste. 1200
Houston, Texas 77056
(713) 977-8686 / Fax: (713) 977-5395
PROPOSED ATTORNEYS FOR DEBTOR AND
DEBTOR-IN-POSSESION