

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/25/2015

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LUCA INTERNATIONAL GROUP LLC, *et al.*, | § | CASE NO: 15-34221 |
| | § | |
| | § | CHAPTER 11 Jointly Administered |
| Debtors. | § | DAVID R. JONES |

## ORDER OF CIVIL CONTEMPT
(Docket Nos. 128 and 173)

On September 10, 2015, the Court issued an order requiring Bingqing Yang to personally appear before this Court on September 17, 2015 to explain her failure to comply with the Court's prior order issued August 31, 2015 at Docket No. 128.  In addition, Ms. Yang was required to surrender all passports to the Clerk of the Court.

Ms. Yang did not comply with the Court's August 31, 2015 order.  Ms. Yang failed to appear on September 17, 2015 as required by the Court's September 10, 2015 order.  In addition, Ms. Yang failed to surrender any passports to the Clerk of the Court.

The Court has jurisdiction over the matter pursuant to 11 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Court has constitutional authority to enter a final order.

The Court has authority to conduct civil contempt proceedings. *Placid Refining Co. v. Terrebone Fuel and Lube, Inc. (In re Terrebone Fuel and Lube, Inc.),* 108 F.3d 609 (5th Cir. 1997).  This authority is grounded in 11 U.S.C. § 105.  *Id.* at 613.  The Court may implement any remedy reasonably designed to either (i) coerce compliance with a court order; or (ii) compensate a party for a contemnor's violation.  *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009); *Alkasabi v. Rampart Acquisition Corp. et al.*, C.A. No. H-09-4116, 2011 WL 1232341 (S.D. Tex. March 31, 2011).  The purpose of awarding damages as a sanction for violating a court order is to reimburse the affected party for losses and expenses incurred because of noncompliance.  *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976).

A party commits contempt when it violates a definite and specific court order requiring it to perform a particular act with knowledge of the Court's order. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995), *aff'd*, 588 F.3d 254 (5th Cir. 2009).  Willful intent is not relevant. *American Airlines, Inc. v. Allied Pilots Assoc.*, 228 F.3d 574, 581 (5th Cir. 2000).  Once the failure to comply with a court order has been established, the alleged contemnor bears the burden of showing mitigating circumstances or that the alleged contemnor substantially complied with the Court's order or made every reasonable effort to comply. *Faulkner v. Kornman (In re The Heritage Organization, LLC)*, Bankruptcy No. 04-35574-BJH-11, 2010 WL 3516174, *2 (Bankr. N.D. Tex. Sept. 3, 2010), *citing FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995).

Based on the available evidence, a review of the record in this case and an analysis of the applicable law, the Court finds that (i) Bingqing Yang a/k/a Bing Yang a/k/a Bingqing Pochnyang is in contempt of this Court's prior orders entered September 10, 2015 [Docket No. 173] and August 31, 2015 [Docket No. 128], and (ii) compensatory sanctions are appropriate under the circumstances presented in this case.

### **Findings**

Bingqing Yang a/k/a Bing Yang a/k/a Bingqing Pochnyang is a principal and sole owner of the Debtors.

The Debtors commenced their bankruptcy cases on August 6, 2015 [Docket No. 1]. An order for joint administration was entered August 6, 2015 [Docket No. 18]. The Debtors are currently managed by a third-party restructuring firm.

On August 28, 2015, the Debtors filed their "Unopposed Emergency Motion to Transfer Property into the Bankruptcy Estate" [Docket No. 125]. The motion was filed with Ms. Yang's authority and support. The motion was granted by order entered August 31, 2015 [Docket No. 128]. The order provides, in part, that it is:

> ORDERED that Bingqing Yang ("Yang") shall immediately transfer 3704 Monte Sereno Terrace, Freemont, California 94539 ("Property") to the Debtors.

[Docket No. 128]. Ms. Yang failed to comply with the Court's August 28, 2015 order.

On September 10, 2015, the Official Committee of Equity Securities Holders (the "Committee") filed its "Emergency Motion to Compel Bingqing Yang to Comply with the Court's Order to Transfer Residential Real Property to Debtors and for Sanctions" [Docket No. 170]. In response, the Court issued an order setting the motion for hearing on September 17, 2015 [Docket No. 173]. The order contains the following provisions:

> 1.   Bingqing Yang shall personally attend the hearing on September 17, 2015 to explain her failure to comply with the Court's prior order. Ms. Yang is not permitted to appear by telephone. The failure to comply with a court order could result in the imposition of coercive and compensatory sanctions absent sufficient cause.
>
> 2.   No later than September 11, 2015, Bingqing Yang shall surrender all passports to the Clerk of the Court. In the alternative, all such passports may be surrendered to counsel for the Committee or counsel for the Debtor. If one of the two alternatives is selected, such counsel shall immediately file a notice setting forth the receipt of such passport(s), the number of passports received and the issuing country of such passport(s). Pending further order, Bingqing Yang shall not attempt to leave the United States for any purpose.

[Docket No. 173].

On September 14, 2015, Ms. Yang filed her "Opposition to Emergency Motion to Compel Bingqing Yang to Comply with Court's Order to Transfer Residential Real property to Debtors and for Sanctions" [Docket No. 185]. The pleading is signed by Ms. Yang personally and filed *pro se*. The pleading was written by John Chu, a California attorney. In the pleading, Ms. Yang requested that (i) she not be required to personally appear; or (ii) the September 17, 2015 hearing be continued for 30 days [Docket No. 185]. The requested relief was denied by order entered September 14, 2015 [Docket No. 186].

On the morning of September 17, 2015, an "Amended Opposition to Emergency Motion to Compel Bingqing Yang to Comply with Court's Order to Transfer Residential Real Property to Debtors and for Sanctions" was filed by John Chu [Docket No. 192]. The amended opposition is substantively identical to the "*pro se*" pleading filed by Ms. Yang. The pleading ignores the Court's order entered September 14, 2015 [Docket No. 186].

The Court commenced the scheduled hearing on September 17, 2015 at 9:00 a.m. [Docket No. 193]. Ms. Yang did not appear nor did she deliver the deed required by the Court's August 31, 2015 order. Further, Ms. Yang did not surrender her passport(s). During the hearing, the Court learned that at the time that Ms. Yang filed both her opposition [Docket No. 185] and the amended opposition [Docket No. 192], she had already fled to China.

After acknowledging Ms. Yang's contempt, her counsel requested and received the opportunity to provide the required deed on or before September 24, 2015. On September 22, 2015, the Debtors filed a certificate of compliance reflecting that the required deed had been executed by Ms. Yang and delivered to Debtors' counsel [Docket No. 215].

After considering all of the evidence presented, the Court finds that Bingqing Yang is in contempt of court. The Court finds that compensatory sanctions are appropriate to compensate the Committee for the damage caused by Ms. Yang's deliberate refusal to timely comply with this Court's orders. The Court finds, however, that coercive sanctions are no longer required due to the delivery of the required deed to Debtor's counsel. Accordingly, it is

**ORDERED THAT**:

1.     Bingqing Yang shall pay compensatory sanctions to counsel for the Committee equal to the reasonable attorney's fees and costs incurred as a result of Ms. Yang's wrongful conduct. Counsel for the Committee shall file a statement within fourteen (14) days of the entry date of this order setting forth the fees and costs incurred. Ms. Yang shall have seven (7) days thereafter to review and to object to any of the requested fees. If no objection is timely filed, the fees and costs set forth in the statement are deemed allowed and shall be paid by Ms. Yang within seven (7) days. If an objection is filed, the Court will set an evidentiary hearing to resolve the dispute. If the Court determines that any objection lacks good faith, the Court may impose additional compensatory sanctions.

      2.      Within fourteen (14) days after the entry date of this order, Bingqing Yang shall provide Counsel for the Committee a sworn statement identifying all real and personal property in which she owns an interest. The list shall provide all identifying information of such property, including a detailed description of the property, its specific location, and account number (if applicable).

      3.      All other relief is denied.

**SIGNED: September 25, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**