

ENTERED
10/19/2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| LUCA INTERNATIONAL GROUP LLC[1] | § | CASE NO. 15-34221-H2-11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | Judge David R. Jones |
| | § | |

### ORDER AUTHORIZING EMPLOYMENT OF NOTICING AGENT

(Docket No. 6)

Upon the application dated August 6, 2015 (the "Application")[2] of Debtors in the above-captioned cases (the "Debtors"), for entry of an order, as more fully described in the Application, approving the retention and appointment of BMC Group, Inc., 600 1st Avenue, Suite 300, Seattle, WA 98104, ("BMC") as Noticing Agent, under 28 U.S.C. §156(c) and 11 U.S.C. §327, among other things, (i) distribute required notices to parties in interest, and (ii) provide such other administrative services, as required by the Debtors and approved by the Court, that would not fall within the purview of services to be provided by the Clerk's Office, all as more fully set forth in the Application; and upon the Feil Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 157 and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED, subject to the limitations set forth in this Order.

---

[1] The Debtors in these cases, along with the last four digits of their respective taxpayer ID numbers, are Luca International Group LLC (1086), Luca Operation, LLC (0343), Luca International Group (Texas) LLC (5577), Luca Barnet Shale Joint Venture, LLC (5340), Luca Energy Fund LLC (0677), Luca Energy Resources, LLC (0000), Luca Resources Group, LLC (1699), Luca I, LP (4104), Luca II, LP, (9778), Luca Oil, LLC (8161), Luca To-Kalon Energy LLC (3922), Luca Oil II Joint Venture (6604).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

2.	Notwithstanding the terms of the Services Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3.	The Debtors are authorized to retain BMC, effective August 6, 2015, under the terms of the Services Agreement regarding notice, and BMC is authorized and directed to perform only the noticing, website hosting, and information services described in the Application, including the processing and maintenance of data related to executing noticing requests.

4.	The Clerk of Court shall receive, maintain, and record all proofs of claim filed in these cases and maintain the claims registry.

5.	Effective on August 6, 2015, BMC is authorized and directed to perform all of the noticing requested by the Debtors and required to be performed by the Clerk in the cases pursuant to Rule 2002 and any other applicable Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule"). BMC will not be required to serve any orders or other documents which the Clerk's office continues to execute through use of the Bankruptcy Noticing Center ("BNC"), or any other document which the Debtors do not request BMC to serve.

6.	BMC shall: (1) prepare and serve notice required in the cases; (2) file a certificate of service with the Court within seven (7) days after each service, which shall include a copy of the notice, a list of the persons to whom it was mailed in alphabetical order, and the date of mailing: (3) assist with the preparation, maintenance and updating of the Debtors' master service list; and (4) promptly comply with any further conditions and requirements as the Clerk or the Court may hereafter prescribe.

7.	BMC is authorized to create and maintain a website with general case information, key documents, claim search function and mirror of ECF case docket (the "Case Information Website"), and to respond to general inquiries from creditors and parties in interest. BMC shall also include a link on the website to the Interested Party Registration Form for Service of Documents by Electronic Mail.

8.	BMC is authorized to take such other actions to comply with noticing duties set forth in the Application.

9.	The Debtors are authorized to compensate BMC in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by BMC and the rates charged for each, and to reimburse BMC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for BMC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

10.	BMC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for the U.S. Securities and Exchange Commission, counsel for the Official Committee of the

Equity Security Holders, monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

11. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

12. Any controversy or claim arising out of or relating to the Services Agreement shall first be submitted to the Court for resolution and, if the Court permits, to arbitration in accordance with the terms of the Services Agreement.

13. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of BMC under this Order shall be an administrative expense of the Debtors' estates.

14. BMC may hold its retainer under the Services Agreement during the chapter 11 cases as security for the payment of fees and expenses incurred under the Services Agreement.

15. BMC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

16. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify BMC, or provide contribution or reimbursement to BMC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from BMC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of BMC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which BMC should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

17. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these cases, BMC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the advancement of defense costs, BMC must file an application therefor in this Court, and the Debtors may not pay any such amounts to BMC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by BMC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify BMC. All parties in interest

shall retain the right to object to any demand by BMC for indemnification, contribution or reimbursement.

18. BMC shall not cease providing Noticing Services during these cases for any reason, including non-payment, without prior order of this Court authorizing BMC to do so; <u>pro</u>vided, <u>howe</u>ver, that BMC may seek such an order on expedited notice by filing a request with the Court with notice of such request to be served on the Debtors, the Office of the United States Trustee, U.S. Securities and Exchange Commission, and the Official Committee of Equity Security Holders by facsimile or overnight delivery; <u>provided f</u>urther, that except as expressly provided herein, the Debtors and BMC may otherwise terminate or suspend other services as provided under the Services Agreement.

19. The Debtors and BMC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Services Agreement.

20. In the event of any inconsistency between the Services Agreement, the Application and this Order, the Order shall govern.

21. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors and BMC may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

22. Notwithstanding any term in the Services Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

23. This order is without prejudice to the rights of the Committee, including without limitation the right to bring a motion seeking the Court's approval of specific noticing procedures for holders of equity interests and such right is hereby reserved in full.

24. All proofs of claim or proofs of interests received by BMC shall be mailed, within 1 business day, to the United States Bankruptcy Clerk of Courts, 515 Rusk Avenue, Houston, Texas 77002.

25. Upon entry of this Order, all proofs of claim and interests shall be filed with the United States Bankruptcy Clerk of Courts, via electronic filing or via mail to 515 Rusk Avenue, Houston, Texas 77002.

26. Any claims received by BMC on the claims bar date shall be date stamped by BMC and mailed to the United States Bankruptcy Clerk of Courts, 515 Rusk Avenue, Houston,

Texas 77002.

I
    **Signed: October 19, 2015.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**